[Cite as *Kramer v. Ohio Dept. of Pub. Safety*, 2011-Ohio-7070.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD S. KRAMER

Plaintiff

v.

OHIO DEPT. OF PUBLIC SAFETY

Defendant

Case No. 2011-09748-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}   Plaintiff, Ronald Kramer, alleged that on May 22, 2011,[1] at approximately 11:55 a.m., he parked his 2005 Subaru Outback in the public parking area of his employer, Ohio Department of Transportation (ODOT), at the District 8 headquarters while he and his family went to lunch at a nearby establishment.  Plaintiff asserted he is employed by ODOT as a District Bridge Design Engineer.  Plaintiff related that when he returned to the area approximately one hour later, he learned that his vehicle had been towed.  In his description attached to his complaint, plaintiff explained as follows: "I called the security guard [for ODOT] and he told me that at about noon someone from the Lebanon Correctional Institute was making their parameter check and asked why our car was in the public parking lot. * * * Our security guard stated that he did not know anything about a car out front.  So the Ohio State Highway Patrol [OSHP] was called on the vehicle.  The patrol arrived and inventoried the car and contents and called Case Towing, LLC to remove the car from the parking slot.  See attached police custody report and towing bill from Case Towing. There are not any towing signs posted in the

parking area of this facility."

{¶2}   Plaintiff stated he paid $65.00 towing fees to Case Towing.  Plaintiff contended OSHP had no authority to remove the vehicle and that the trooper who had the car removed, Trooper Staples, violated Ohio Revised Code Section 4513.61 in that the car had not been parked for more than 48 hours, nor was the vehicle blocking traffic.  Consequently, plaintiff filed this complaint seeking to recover $90.00, the total amount he paid to Case Towing plus reimbursement of the filing fee.  The requisite $25.00 filing fee was paid.

{¶3}   Plaintiff submitted several photographs depicting the parking areas in front of ODOT District 8 headquarters.  In addition, plaintiff included a copy of the OSHP custody report which listed "vehicle trespassing on ODOT SR 741" as the reason for taking the vehicle into custody.  Under remarks, Trooper Staples wrote,"Guard advised he had not seen the vehicle, advised to tow it."  As part of the inventory listing, Trooper Staples noted that four keys were located in the vehicle, including keys to the ignition.

{¶4}   Defendant, OSHP, denied liability and explained that plaintiff's car was towed because it constituted a security threat for Lebanon Correctional Institute(LeCI), in that the unlocked car was parked close to the perimeter of the prison facility with the keys to the ignition readily available inside the car.  Trooper Staples confirmed that the car was unlocked and the key to the ignition was located inside the driver's door.  Defendant maintained that the ODOT guard did not see the person who came into the lot and parked the car.  The guard characterized the vehicle as "trespassing," and requested that it be towed from the lot.  According to defendant, an OSHP dispatcher attempted to contact plaintiff via his cell phone; however, the call went unanswered.  Defendant's investigating trooper, acting on the request of ODOT and due to the concerns raised by personnel at the Lebanon Correctional Institute, ordered plaintiff's vehicle towed from the area.

{¶5}   Defendant maintained OSHP has statutory authority to "police state property"  pursuant to ORC 5503.02.  Defendant contended that pursuant to ORC 4513.61, "an OSP Trooper, sheriff's deputy or local police officer may order into storage any motor vehicle that has come into their possession as a result of the performance of

---

[1] The court notes that May 22, 2011, was a weekend day, Sunday.

[their] duties."[2] Defendant asserted R.C. 4513.61 is applicable to the instant claim and therefore has implied it is immune from liability for vehicle towing fees.

{¶6} Plaintiff did not file a response.

{¶7} Upon review, the trier of facts finds that OSHP had authority pursuant to ORC 4513.61 to order the removal of plaintiff's vehicle under the circumstances of this situation. Plaintiff's unlocked vehicle was parked on public property, on the weekend, in close proximity to the perimeter of a state-operated prison facility, and with keys to the ignition readily available. The security personnel from LeCI and ODOT expressed legitimate security concerns to Trooper Staples. OSHP made reasonable attempts to contact the owner of the vehicle prior to having the vehicle towed. Accordingly, the OSHP's seizure and conveyance of plaintiff's property was not wrongful. Furthermore, plaintiff has failed to offer any other legal premise actionable in this court that may entitle him to recovery from defendant, OSHP.

---

[2] ORC 4513.61, states, in relevant part, "a state highway patrol trooper, upon notification to the sheriff or chief of police of such action and of the location of the place of storage, may order into storage any motor vehicle, including an abandoned junk motor vehicle as defined in section 4513.63 of the Revised Code, that has come into the possession of the sheriff, chief of police, or state highway patrol trooper as a result of the performance of the sheriff's, chief's, or trooper's duties or that has been left on a public street or other property open to the public for purposes of vehicular travel, or upon or within the right-of-way of any road or highway, for forty-eight hours or longer without notification to the sheriff or chief of police of the reasons for leaving the motor vehicle in such place, except that when such a motor vehicle constitutes an obstruction to traffic it may be ordered into storage immediately."



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD S. KRAMER

    Plaintiff

    v.

OHIO DEPT. OF PUBLIC SAFETY

    Defendant

   Case No. 2011-09748-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Ronald S. Kramer
323 W. Main Street-Box 65
Newtonsville, Ohio 45158

Bridget C. Coontz
Assistant Attorney General
Ohio State Highway Patrol-Legal
1970 West Broad Street, Suite 531
Columbus, Ohio 43223

SJM/laa
12/1

Filed 12/13/11
Sent to S.C. reporter 5/10/12